Shaw, C. J.
To an action of trespass quare clausum, the defendant sets up a right of way, to pass on and over the close of the plaintiff; and insists, that as he entered in the exercise of that right, such entry was no trespass.
It appears from the report that the plaintiff and the defendant own estates adjoining each other, and the defendant, as such owner, claims a right of way, as annexed to his estate. The plaintiff insists, that even though such right did formerly exist by grant or prescription, for the owner of the estate now owned by the defendant, in and over the estate now owned by the plaintiff, such easement has been extinguished, by unity of title and possession of the two estates, in one and the same person at the same time. To determine this, it is necessary to examine the facts furnished by the report.
It appears, that prior to 1839 these estates were held by different owners, so that an easement might be had by the owner of one, as incident to his estate, in and over the other; and if there has been any unity of title and possession, in any one person, of the dominant and servient tenements, so as to extinguish the easement, it must have been effected by subsequent conveyances.
From the facts stated in the bill of exceptions, it is manifest that James Gardner was never seised in fee in full right of both estates at any one time. He held the defendant’s estate from June, 1836, to the 24th of September, 1836, and then mortgaged it. In like manner he held the plaintiff’s estate one day only, from the 10th to the 11th of December, 1839, and this he acquired long after he had mortgaged the estate formerly held.
So Margaret Gardner was never seised in fee of an indefeasible estate, in both estates, at any one time. She held both estates, as mortgagee, from the 11th of December, 1839, when she took the second mortgage of James Gardner, on the plaintiff’s tenement, until the 25th of September, 1842, *147 when she, as mortgagee, and before the foreclosure of the mortgages, conveyed the defendant’s tenement to Gilbert Parker. She held both estates as mortgagee at the same time almost three years, but they were both defeasible estates, each on payment of a certain sum of money.
Was there, then, at any time such a unity of title and possession, at one and the same time, in both these tenements, as to merge and extinguish an easement, which one had over the other, either by grant or prescription ? The precise ground on which such extinguishment is held to take place is well expressed in Woolrych on Rights of Common, 148. “ To perpetuate the extinguishment incident to unity of possession, the estates thus united must be respectively equal in duration, and not liable to be again disjoined by the act of the law.”
But upon principle it seems to us, that in order to extinguish an easement, by the unity of title and possession, both of the dominant and servient tenements, in the same person, he should have a permanent and enduring estate, an estate in fee in both. This results from the consideration of a few ob vious principles. An easement or servitude is a right, which one proprietor has to some profit, benefit, or beneficial use, out of, in, or over the estate of another proprietor. An owner of land, therefore, cannot have an easement in his own estate in fee, for the plain and obvious reason, that in having the jus disponendi, — the full and unlimited right and power to make any and every possible use of the land, — all subordinate and inferior derivative rights are necessarily merged, and lost in the higher right. He may use every part of the surface for a way, if he chooses, and therefore has no occasion to claim any particular way; and so of every other use, to which land may be subjected. If, therefore, after such merger, the owner grants away a portion of his estate, it is the creation of a new estate, and not the revival of an old one. And although he may make a grant of that particular land, which formerly constituted one of the separate estates, which coalesced in him, yet it is not with its former incidents, unless it is done by force of the grant itself, by such words of description as could bring them into being,by way of new grant. He may grant *148 one of the estates with such rights of way and other easements over his own land retained, as he may think fit, without reference to the former ways, in the same or in any other direction; so, he may reserve out of the estate granted, and annex to his other estate retained any rights of way or other easements, which may best suit his views of his own interest or benefit. Such easements, by such acts of creation and annexation, would become incident and appurtenant to such estates respectively, and would pass, as appurtenant, in after conveyances, by or even without the word “ appurtenances,” so long as such estates should subsist, as distinct estates in different proprietors; but they would have their source and origin in such grants and reservations, made by one having the full disposing power, and not in the supposed or actual anterior existence of similar or even of the same ways or othei incidents. This, of course, does not extend to watercourses and such natural incidents as belong to the land itself, and are inseparable from it.
From this view of the subject it seems manifest, that the merger of the easement, arising from unity of title and possession, which will extinguish and put an end to such easement, arises from that unlimited power of disposal, which will enable the owner to grant any part of the soil with the former incidents, or to grant it without the former incidents, or create and annex to it or subject it to new incidents in favor of another estate, at his own will and pleasure. Such a power of disposal can only exist when the same proprietor has a permanent estate in both tenements, not liable to be defeated by the performance of a condition or happening of any event beyond his control, and where the estates cannot again be disjoined by operation of law.
Tested by these rules, it appears to us, that there was no merger by unity of title and possession, which extinguished the easement which the defendant,and those whose estate he has,formerly had, in and over the estate of the plaintiff. Certainly there was no such unity in James Gardner. He held the defendant’s estate a few months only, from June to September, 1836, before he mortgaged it to Margaret Gardner. *149 When he purchased the estate now owned by the plaintiff, in December, 1839, he had only an equity of redemption in the defendant’s estate, if indeed the equity of redemption remained in him till then, which does not distinctly appear.
And it seems equally clear, that the two estates did not merge, whilst held by Mrs. Gardner, as mortgagee only, although mortgagee in fee. So long as she held them, they were both defeasible, and defeasible upon different conditions, (the payment of distinct debts,) and for aught that appears, conditions to be performed by different persons, because the respective equities of redemption might be held by different persons. So long as she held them, one might have been redeemed and the other foreclosed without any act of hers; and a foreclosure or redemption of either would have entirely effected a separation of the two, each retaining its own incidents. But she conveyed one before foreclosure; and when foreclosed, the estates were in different persons; the defendant’s was then held by Gilbert Parker, and the plaintiff’s by Margaret Gardner.
When a mortgagor or the assignee redeems, he regains his estate just as it existed when he made the mortgage; the operation of the mortgage is defeated by force of the condition ; he takes the estate with all the incidents and benefits, and subject to the servitudes, to which it was subject when the mortgage was made; and no lease, charge, or incumbrance, made by the mortgagee, can be set up against the claims of the mortgagor. The estate is restored unchanged.
So, if the mortgage is foreclosed, then the estate, which was conditional and defeasible in its creation, becomes absolute ; and the incidents, privileges, and covenants attached to it, unchanged by any thing which the mortgagor or any other person may have done in the mean time, remain attached to it as if the original conveyance had been absolute. It appears, then, by the facts in this case, that Mrs. Gardner never had at any time an unconditional or indefeasible interest in these two estates. She held mortgages on both at the same time, after having entered on both for condition broken, but before foreclosure; but this was not the unity required to *150 constitute a merger. Before foreclosure, she conveyed one of those estates to Gilbert Parker, from whom it came to the defendant. It is clear, that at the time of foreclosure, the estates were held by different owners in fee. The court are therefore of opinion, that if the defendant and those whose estates he holds had a right of way over the plaintiff’s tenement prior to the conveyances to James Gardner, such right was not extinguished by any unity of title and possession set forth in the report. New trial ordered.